Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| RGS ENTERTAINMENT, INC.<br><br>*Apelante*<br><br><br>v.<br><br><br>VEINTE DE DIEZ, LLC<br><br>*Apelada* | TA2026AP00348 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2025CV00892<br><br>Sobre:<br>Cobro de Dinero-Ordinario y otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de abril de 2026.

Comparece ante nos RGS Entertainment, Inc (RGS o apelante) mediante recurso de *Apelación* y solicita la revocación de la *Sentencia*[1] emitida y notificada el 23 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro apelado). Mediante el referido dictamen, el TPI declaró *Ha Lugar* la *Moción de Sentencia Sumaria*[2] presentada por Veinte de Diez, LLC (Veinte o apelada) y, en consecuencia, declaró *No Ha Lugar* la *Demanda*[3] presentada por la apelante.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de *Apelación*, conforme a la Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, *infra.*

**I.**

El caso de autos tuvo su génesis el 2 de febrero de 2025, cuando Elizabeth Sánchez Colón (señora Sánchez Colón) haciendo negocios como RGS, instó una *Demanda* de incumplimiento de

---

[1] Apéndice 53 del recurso de *Apelación*.
[2] Apéndice 45 del recurso de *Apelación*.
[3] Apéndice 1 del recurso de *Apelación*.

contrato y cobro de dinero en contra de Erika B. Ramón (señora Ramón) haciendo negocios como Veinte. En la misma, alegó la existencia de un contrato verbal suscrito en abril de 2023 con la apelada, mediante el cual se comprometió a realizar gestiones de producción para el evento "Premios Influencers 2023" a cambio de cinco mil dólares ($5,000.00). Sostuvo que cumplió cabalmente con sus obligaciones, realizando múltiples gestiones de coordinación, promoción, logística y enlace con figuras públicas y entidades gubernamentales. Sin embargo, según lo alegado, la apelada incumplió con el contrato al negarse a pagar la suma pactada, por lo que solicitó el cobro del dinero adeudado, más intereses, costas y honorarios de abogado.

Por su parte, el 21 de abril de 2025, la apelada sometió su *Contestación a Demanda y Defensas Afirmativas*[4]. En síntesis, Veinte negó la existencia de un contrato entre las partes; alegó que la intervención de la señora Sánchez Colón, haciendo negocios como RGS, fue de carácter voluntario y con pleno conocimiento de la inexistencia de presupuesto, por lo que no surgieron obligaciones exigibles ni incumplimiento alguno. Asimismo, planteó que la *Demanda* no exponía hechos que justificaran la concesión de un remedio y levantó como defensas la falta de jurisdicción por ausencia de parte indispensable y por falta de standing. En la alternativa, sostuvo que, aun de estimarse la existencia de algún acuerdo: (1) la apelante no probó incumplimiento; (2) asumió el riesgo de su actuación, y (3) la suma reclamada no constituía una deuda líquida, vencida ni exigible, por lo que procedería, en todo caso, una cuantía menor, toda vez que no se cumplió con las especificaciones del trabajo y éste no se culminó.

---

[4] Apéndice 16 del recurso de *Apelación.*

Tras varios incidentes procesales, el 12 de mayo de 2025, el foro apelado emitió y notificó una *Resolución Interlocutoria*[5] en la cual ordenó a RGS enmendar la *Demanda* no más tarde del 30 de mayo de 2025, para clarificar sus alegaciones y causas de acción. No obstante, el 31 de mayo de 2025[6], el TPI le otorgó quince (15) días a la apelante para enmendar la *Demanda*. Expirado el término establecido, el 21 de junio de 2025, RGS presentó la *Demanda Enmendada*[7] para que fueran las corporaciones las que figuraran como partes.

Así las cosas, el 31 de agosto de 2025, Veinte presentó una moción en la cual solicitó la desestimación de la *Demanda Enmendada* debido a que la apelante incumplió con el término improrrogable de ciento veinte (120) días para diligenciar el emplazamiento[8]. Sostuvo que dicho término comenzó a transcurrir desde la presentación de la *Demanda* original el 2 de febrero de 2025, y venció el 2 de junio de 2025, sin que se le hubiera emplazado válidamente. Argumentó que la enmienda a la *Demanda*, mediante la cual se incluyó por primera vez a Veinte de Diez, LLC como parte del pleito, fue presentada fuera de dicho término, específicamente, el 21 de junio de 2025, cuando ya había caducado el plazo. Añadió que, al invocar la doctrina de retroactividad, RGS quedaba obligada a reconocer que el término para emplazar también debía computarse desde la *Demanda* original. Asimismo, sostuvo que no se trataba de una mera corrección de nombre, sino de la inclusión de una parte nueva y jurídicamente distinta, respecto a la cual era indispensable cumplir oportunamente con los requisitos de emplazamiento. En consecuencia, alegó que el incumplimiento con el término jurisdiccional privaba al tribunal de jurisdicción sobre su persona,

---

[5] Apéndice 21 del recurso de *Apelación*.
[6] Notificada el 3 de junio de 2025.
[7] Apéndice 25 del recurso de *Apelación*.
[8] Apéndice 33 del recurso de *Apelación.*, *Moción de Desestimación*.

lo que obligaba a la desestimación de la *Demanda Enmendada* sin discreción judicial.

Por su lado, el 18 de septiembre de 2025, RGS sometió su *Oposición a Moción de Desestimación*[9]. En la misma, arguyó que la nueva parte demandada no formó parte de la *Demanda* original, la cual sí fue oportunamente emplazada. Sostuvo que la inclusión de la nueva demandada ocurrió mediante una *Demanda Enmendada* ordenada por el TPI, por lo que el término de ciento veinte días (120) días para emplazar debía comenzar a computarse desde dicha enmienda. Por consiguiente, afirmó que el emplazamiento se realizó oportunamente dentro de ese nuevo término.

Evaluados los argumentos de las partes, el 23 de octubre de 2025, el foro apelado emitió y notificó una *Resolución Interlocutoria*[10] en la cual dispuso lo siguiente:

> Se declara no ha lugar la moción de desestimación. El término de los ciento veinte (120) días no comienza a transcurrir hasta tanto la Secretaría no expida los emplazamientos. *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018). Por tanto, al haberse expedido el emplazamiento a la parte demandada Veinte de Diez, LLC el 30 de julio de 2025, posterior a que se le incluyera como parte por primera vez en el pleito. Interpretar que la retroactividad de las enmiendas dispuesta en la Regla 13.3 de Procedimiento Civil aplica al término de ciento veinte (120) días para diligenciar el emplazamiento implicaría que nunca se podría enmendar una demanda para añadir [nuevas] partes al pleito pasados los ciento veinte (120) días desde la presentación de la demanda.

Así pues, el 29 de noviembre de 2025, RGS presentó una *Moción de Anotación de Rebeldía*[11] y la misma fue declarada *Ha Lugar* el 4 de diciembre de 2025[12]. Sin embargo, el 9 de diciembre de 2025, la apelada sometió una *Moción de Relevo de Anotación de Rebeldía*[13]. En ésta, solicitó que se dejara sin efecto la anotación de rebeldía y argumentó que había: comparecido oportunamente al pleito, presentado mociones dispositivas y actuado con diligencia

---

[9] Apéndice 35 del recurso de *Apelación*.
[10] Apéndice 36 del recurso de *Apelación*.
[11] Apéndice 39 del recurso de *Apelación*.
[12] Apéndice 40 del recurso de *Apelación, Orden*. Notificada en igual fecha.
[13] Apéndice 41 del recurso de *Apelación*.

durante todo el proceso. Sostuvo que la rebeldía surgió de una interpretación razonable sobre el cómputo del término para contestar la demanda tras la presentación de una reconsideración, por lo que existió causa justificada para cualquier atraso. Añadió que contaba con defensas que debían ventilarse en los méritos y que el caso se encontraba en una etapa temprana, por lo que levantar la rebeldía no causaba perjuicio sustancial a la apelante.

Analizadas las posiciones de las partes, el 10 de diciembre de 2025, el TPI emitió y notificó una *Orden*[14] en la cual dejó sin efecto la anotación de rebeldía. Ese mismo día, Veinte sometió su *Contestación a Demanda Enmendada*[15] y el foro recurrido dictó *Orden*[16], en la que citó a las partes para conferencia inicial el 19 de febrero de 2026. No obstante, el 22 de enero de 2026, la apelada radicó una *Moción de Sentencia Sumaria*[17] y alegó que no existía controversia real sobre hechos materiales. Sostuvo que, en base a ciertas admisiones, quedó establecido que no existía contrato escrito, orden de compra y aceptación de pago ni evidencia de una deuda exigible. Finalmente, argumentó que sin prueba de los elementos esenciales del contrato ni de beneficio económico o enriquecimiento injusto, RGS no podía sostener su reclamación, por lo que procedía la desestimación del caso de autos.

En respuesta, el 20 de febrero de 2026, la apelada formuló su *Oposición a Moción de Sentencia Sumaria*[18] en la cual esbozó que el descubrimiento de prueba fue notificado en época festiva. Asimismo, sostuvo que la *Moción de Sentencia Sumaria* fue presentada sin haber tenido oportunidad razonable para atender el descubrimiento, particularmente, los requerimientos de admisiones. Por ello, solicitó

---

[14] Entrada núm. 42 del expediente del Tribunal de Primera Instancia (TPI).
[15] Entrada núm. 43 del expediente del TPI.
[16] Apéndice 44 del recurso de *Apelación*.
[17] Apéndice 45 del recurso de *Apelación*.
[18] Apéndice 51 del recurso de *Apelación*.

que se denegara la sentencia sumaria y se le concediera un término adicional para cumplir con el descubrimiento de prueba.

El 23 de febrero de 2026, el TPI emitió y notificó una *Sentencia* en la cual realizó las siguientes determinaciones de hechos que no estaban en controversia:

1. RGS no posee un contrato escrito firmado por ambas partes que obligue a Veinte de Diez a pagar $5,000.

2. RGS no posee una orden de compra (PO) o autorización escrita emitida por Veinte de Diez para pagar $5,000.

3. RGS no puede identificar una comunicación donde Érika B. Ramón diga expresamente "acepto pagar $5,000" (o palabras equivalentes).

4. La reclamación de $5,000 no está acompañada de timesheets contemporáneos con horas y tarifa.

5. La demanda describe gestiones vinculadas a un evento planificado para 2024 (incluyendo mayo de 2024).

6. RGS no tiene evidencia de un evento "Premios Influencers" celebrado en 2023 en el cual RGS haya prestado servicios a Veinte de Diez según lo alegado.

7. Muchas (o todas) las comunicaciones relevantes están en cuentas personales de la Sra. Sánchez Colón.

8. Previo a la demanda, RGS no tiene evidencia de una factura aceptada por Veinte de Diez.

9. RGS no tiene un recibo firmado o acknowledgment de Veinte de Diez aceptando una deuda líquida de $5,000.

10. RGS no tiene evidencia de un depósito (retainer) pagado por Veinte de Diez.

11. RGS no puede identificar métricas o criterios escritos acordados para definir cumplimiento del acuerdo alegado.

12. RGS no puede identificar un cronograma escrito acordado con fechas de entregables.

13. RGS no pagó de su bolsillo (o no puede documentar) pagos a ujieres, imprenta o personal técnico relacionados al evento.

14. RGS no posee evidencia documental de que Veinte de Diez obtuvo un beneficio económico directo atribuible a gestiones de RGS por el evento cancelado o suspendido.

15. RGS reconoce que hubo interrupción de energía eléctrica y suspensión del evento en la fecha originalmente planificada.

16. RGS no participó en la reprogramación o ejecución posterior del evento, o debe identificar evidencia de su participación.

17. Al momento de realizar gestiones, RGS no obtuvo por escrito confirmación de presupuesto aprobado para pagar $5,000.

18. RGS no obtuvo por escrito confirmación de vencimiento para pagar $5,000.

19. RGS no emitió un contrato de servicios estándar (si tiene uno) para este proyecto.

20. RGS no obtuvo un W-9 (o documento fiscal equivalente) solicitado por Veinte de Diez para pagos.

21. RGS no tiene evidencia de que Veinte de Diez solicitó a RGS como corporación, y no a la Sra. Sánchez Colón, asumir formalmente la producción del evento.

22. Parte de las gestiones alegadas consisten en coordinación preliminar o relaciones públicas, y no producción formal con alcance definido.

23. RGS no puede identificar una minuta o reunión donde se hayan fijado todos los términos esenciales del contrato alegado.

24. RGS no puede identificar un documento donde se pacte expresamente que el pago era incondicional, aun si el evento no se celebraba.

25. RGS no puede identificar evidencia de que Veinte de Diez renunció a exigir condiciones usuales de contratación (presupuesto o alcance).

26. RGS no puede identificar evidencia de que Veinte de Diez se obligó a pagar independientemente de auspicios o resultados.

27. RGS está reclamando exactamente $5,000 como suma fija, sin desglose de partidas o tarifa por horas.

28. RGS no tiene evidencia documental de haber mitigado daños antes de demandar, o debe identificar evidencia específica de mitigación.

Así las cosas, el foro apelado declaró *Ha Lugar* la *Moción de Sentencia Sumaria* y, en consecuencia, declaró *No Ha Lugar* la *Demanda* presentada por la apelante. Inconforme con el dictamen, el 3 de marzo de 2026, RGS presentó una *Moción de Reconsideración*[19] la cual fue declarada sin lugar el 4 de marzo de 2029[20].

Insatisfecha aun, el 6 de abril de 2026, la apelante acudió ante este foro intermedio y le imputó al foro apelado el siguiente señalamiento de error:

---

[19] Apéndice 54 del recurso de *Apelación*.
[20] Apéndice 55 del recurso de *Apelación, Orden*. Notificada en igual fecha.

ERRO EL TRIBUNAL DE PRIMERA IINSTANCIA AL DICTAR SENTENCIA A FAVOR DE LA PETICION DE SENTENCIA SUMARIA DESOYENDO Y DESATENTIENDO LAS CONSIDERACIONES EXPUESTAS EN NUESTRA OPOSICION A LA PETICION, Y EN LA MOCION DE RECONSIDERACION, Y ERRONEAMENTE DETERMINANDO QUE LA NEGATIVA DE LA MOCION DE RECONSIDERACION APLICABA BAJO LA REGLA 47 DE PROCEDIMIENTO CIVIL.

De conformidad con la facultad que nos concede la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones[21], optamos por prescindir de la comparecencia de la parte apelada para disponer de manera eficiente el asunto.

**II.**

**-A-**

El Tribunal Supremo de Puerto Rico ha señalado en reiteradas ocasiones que las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente, incluso por aquellos que comparecen por derecho propio[22]. En el caso particular del recurso de apelación, la Regla 52.2(a) de las de Procedimiento Civil establece que:

> [l]os recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán ser presentados dentro del **término jurisdiccional de treinta (30) días** contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado[23].

No obstante, el mencionado término admite interrupción a través de la oportuna presentación de ciertas mociones que detalla la citada regla[24]. Así, que "[e]l referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes en relación con dichas mociones:

> (1) Regla 43.1. En las apelaciones al Tribunal de Apelaciones provenientes del Tribunal de Primera Instancia, declarando con lugar, denegando o dictando sentencia enmendada ante

---

[21] Regla 7 (B)(5) el Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 15, 216 DPR __ (2025).
[22] *Hernández Jiménez et al. v. AEE et al.*, 194 DPR 378, 382-383 (2015); *García Ramis v. Serrallés*, 171 DPR 250, 253 (2007).
[23] 32 LPRA Ap. V, R. 52.2(a).
[24] 32 LPRA Ap. V, R. 52.2(e).

una moción bajo la Regla 43.1 para enmendar o hacer determinaciones iniciales o adicionales.

(2) Regla 47. En las apelaciones al Tribunal de Apelaciones provenientes del Tribunal de Primera Instancia, resolviendo definitivamente una moción de reconsideración sujeto a lo dispuesto en la Regla 47.

Por su parte, la Regla 47 de las de Procedimiento Civil[25], expresamente dispone que una parte afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia. La referida regla establece que una vez se presenta una moción de reconsideración de manera oportuna y fundamentada, **se interrumpe el término para recurrir al foro apelativo intermedio[26]**. Ese término comienza a transcurrir nuevamente desde la fecha cuando se archiva en autos copia de la notificación de la resolución que resuelve la moción de reconsideración[27].

**-B-**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo[28]. El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal[29].

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia,

---

[25] 32 LPRA Ap. V, R. 47.
[26] *Íd.*
[27] *Íd.*
[28] *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).
[29] *Constructora Estelar, S.E. v. Aut. Edificios Públicos, supra.*

su determinación es "jurídicamente inexistente"[30]. De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria[31].

Un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación. De tal forma, un recurso prematuro, al igual que uno tardío, **adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado**[32]. Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa[33].

**-C-**

La Regla 83 (B) (1) y (C) Reglamento del Tribunal de Apelaciones[34], establece que:

> [...]
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> [...]
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> [...]
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.
> [...]

---

[30] *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007).
[31] *Íd.,* pág. 55.
[32] *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).
[33] *Julia Padró et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).
[34] Regla 83 (B)(1) y (C) el Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-117, 216 DPR __ (2025).

**III.**

En el caso ante nos, el 3 de marzo de 2026, RGS presentó una *Moción Solicitando Reconsideración*. El 4 de marzo de 2026, el TPI declaró *SIN LUGAR la moción de reconsideración de la parte demandante por no fundamentarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales. Véase Regla 47 de Procedimiento Civil*[35].

Así las cosas, el 6 de abril de 2026, el apelante acude ante esta curia. Conforme al precitado derecho, la *Moción Solicitando Reconsideración* presentada por RGS no interrumpió el plazo para recurrir en apelación ante este foro revisor. Por ende, es a partir del 23 de febrero de 2026, fecha en que el foro primario emitió la *Sentencia* y archiva en autos copia de la notificación de esta, que comienza a cursar el término jurisdiccional de treinta (30) días para que la parte interesada recurra en apelación.

En virtud de lo anterior, nos encontramos forzados a desestimar el recurso de epígrafe por tardío conforme a la facultad que nos otorga la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos antes expuestos, ***desestimamos*** el recurso de *Apelación*, a la luz de la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *supra*, pues el recurso es tardío, frívolo y no presenta una controversia sustancial.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[35] Apéndice 55 del recurso de *Apelación, Orden*. Notificada en igual fecha.